IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CENTENNIAL CONTRACTORS ENTERPRISES, INC. | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-16-3880 |
| THE HOUSING AUTHORITY OF BALTIMORE CITY | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Now pending before the Court is the Defendant's MOTION TO DISMISS (ECF No. 6). The Plaintiff has responded (ECF No. 7) and the Defendant has replied (ECF No. 8). The Motion will be GRANTED.

The record presented to the Court makes clear that when the parties were jointly frustrated by the strict discovery schedule imposed in the Baltimore City Circuit Court, they entered into both a tolling agreement and a clear understanding that after the passage of a specific amount of time, the case between them would essentially resume, on exactly the same terms as it was proceeding when they voluntarily dismissed it pursuant to the tolling agreement, and in the same venue. The Plaintiff's maneuver here is a clever one, but not so clever as to blind the Court to the overarching intentions of the parties when they entered into the tolling agreement with respect to the state court action. They intended and agreed to return to state court to litigate the underlying dispute.

Plaintiff previously took its best shot at persuading this Court that the matter belonged in federal court under diversity jurisdiction, and Plaintiff did not prevail. The current stratagem, wherein they rushed back to federal court during the agreed pause in state court, will not be given effect by this Court when it so clearly conflicts with what was the mutual understanding set out in the tolling agreement, *i.e.*, that the case would return to life in the Baltimore City Circuit Court.

The parties made an agreement. There was an understanding that the exact case dismissed in state court—essentially <u>this</u> case—would come back to life in the state court, not here. This Court finds <u>both</u> that there was a binding and mandatory forum selection clause selecting the Baltimore City Circuit Court, <u>and</u> that there was a contract struck upon mutual consideration of which continued litigation <u>in the state court</u> was a material term. Finally, failing all else, the Court finds that it would be inequitable to permit this case to proceed in federal court with this record and history.

The Motion to Dismiss will be GRANTED by an accompanying Order. Venue is not proper here.

DATED this 26th day of January, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge